**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RICHARD LIGHTNER** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 7:17-cv-145** |
| **LEXINGTON INSURANCE COMPANY** | § | |
| **and  MATTHEW C. SNOW** | § | |
| **Defendants** | § | |
| | § | |
| | § | |

---

**DEFENDANT LEXINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Lexington Insurance Company ("Lexington") in Cause No. 186,968-B, pending in the 78th Judicial District Court of Wichita County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Wichita Falls Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1     On August 31, 2017, Plaintiff Richard Lightner ("Plaintiff") filed his Original Petition in the matter styled *Richard Lightner v. Lexington Insurance Company and Matthew C. Snow,* Cause No. 186,968-B, in the 78th Judicial District Court of Wichita County, Texas, in which Plaintiff asserts Defendants wrongfully denied Plaintiff's claims for damages to his residential property under a Texas Homeowners Insurance Policy issued by Defendant Lexington Insurance Company arising from alleged damage his residential property caused by a storm that

allegedly struck the Burkburnett, Texas area.   In addition, Plaintiff also asserts various boilerplate claims against both Defendants under the Texas Insurance Code.

1.2     Plaintiff served Lexington by certified mail with the citation and Plaintiff's Original Petition on September 5, 2017.

1.3     Defendant Lexington files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).   In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.4     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).   A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the process, including Plaintiff's Original Petition, as served on Defendant Lexington.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in his Original Petition, Plaintiff Richard Lightner, and was at the time the lawsuit was filed, a resident of Wichita County, Texas. *See* Exhibit 1, p. 2.

2.3     Plaintiff pleads Agency and Respondeat Superior, and has stated that at all time SNOW was acting within the course and scope of his agency relationship with LEXINGTON. *See* Exhibit 1, p. 3.

2.4     Lexington is, and was at the time this lawsuit was filed, incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts. Lexington is therefore not a citizen of the State of Texas for diversity purposes.

2.5     Upon information and belief, Defendant Matthew C. Snow ("Snow") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. *Id.* Snow has not been served with process. In the event he becomes properly served, and with respect to the claims against Snow, it is Lexington's position that he has been improperly joined in this action. Therefore, as explained below, the Texas citizenship of Snow should be disregarded for the purposes of evaluating diversity in this matter.

### B.     SNOW WOULD BE IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.6     The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. AIG Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).   Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood*, 385, F.3d 568, 572.

2.7     Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch*, 491 F.3d 278, 281; *Smallwood*, 385 F.3d at 573.

2.8     The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party.  *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.9     Here, Plaintiff fails to articulate how the conduct of Snow – the adjuster who inspected Plaintiff's residential property on behalf of Lexington and prepared an estimate –

constitutes a plausible cause of action against him, and Plaintiff's generic and global allegations about the interchangeable conduct of "Defendant" and "Snow" with regard to the alleged causes of action set forth in pages 3 through 14 of Plaintiff's Original Petition are not sufficient to provide fair notice to Snow of a plausible claim against him under the applicable pleading standards. *See* Plaintiff's Original Petition attached hereto as Exhibit 2 at pp. 3-14. For example, Plaintiff alleged "failure to comply with LEXINGTON's policies and procedures concerning roof inspections and when to replace or repair a roof." *Id.* at 4. "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at \*4). Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Snow and do not support his joinder as a defendant in this case.

2.10    Furthermore, as supported by the court's opinion in *Plascencia*, the remaining allegations against Snow are also insufficient because they are too conclusory to demonstrate a plausible right to relief. *See* Exhibit 1 at p. 3. Aside from alleging that Snow was assigned by Lexington to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Snow are the generic and conclusory allegations:

> SNOW's unreasonable investigation of the claim included failure to comply with LEXINGTON's policies and procedures concerning roof inspections and when to replace or repair a roof. SNOW performed an unreasonable investigation by failing to document any and all of the damage to the Property. SNOW did not properly inspect the Property and failed to adequately investigate Plaintiff's claim. Although SNOW received the estimate which outlined the damage to the Property, SNOW did not adequately inspect the damage. SNOW's unreasonable investigation of the claim included a failure to comply with Lexington Insurance Company's policies and procedures concerning roof inspections and when to

replace or repair a roof. SNOW performed an unreasonable investigation by failing to document all of the damage to the roof. SNOW did not conduct a thorough roof inspection and only allowed for the minimum cost to repair the roof. As a result of SNOW's unreasonable and brief investigation, Plaintiff was wrongly denied the full cost to replace the roof. SNOW misrepresented to Plaintiff in his report that the damage to the Property did not warrant coverage. SNOW performed an outcome-oriented investigation by failing to look for evidence that supported coverage for Plaintiff's claim. From the outset of the claim, SNOW's goal was to exclude coverage instead of reasonably investigating Plaintiff's claim and provide coverage for the damage suffered to the Property. SNOW did not conduct a reasonable investigation of Plaintiff's claim. SNOW conducted an insufficient investigation and assisted in the premature closure of Plaintiff's claim. SNOW failed to properly adjust the claim and has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for the losses such as those suffered by Plaintiff. LEXINGTON and SNOW misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060 (a)(1). Defendants LEXINGTON and SNOW failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. LEXINGTON and SNOW's conduct constitutes a violation of Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060 (a)(2)(A). LEXINGTON and SNOW failed to explain to Plaintiff the reason for its offer of inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060 (a)(3). LEXINGTON refused to fully compensate Plaintiff, under the terms of the Policy, even though LEXINGTON and SNOW failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of the Plaintiff's claim, which resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060 (a)(7).

Like the generic allegations against Snow set forth in Plaintiff's Original Petition in this lawsuit,

the only specific allegations against adjuster Feliciano Gallegos in *Plascencia* were as follows:

Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's estimated damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these

> and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and
> State Farm both relied on Gallegos's misrepresentations, including but not limited
> those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's
> Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's
> misrepresentations caused State Farm to underpay Plaintiff on his insurance
> claim and, as such, Plaintiff has not been able to properly and completely repair
> the damages to Plaintiff's property. This has caused additional, further damage to
> Plaintiff's property.

*See* Exhibit 2 at *4.  The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant.  Because the "factual" allegations against Snow in this case are nearly parallel and therefore equally vague and conclusory, the Court should also conclude that Snow was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. AIG Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.11    Plaintiff's allegations against Snow for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Snow's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with Lexington.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his opinion in *One Way*

*Investments, Inc. v. Century Surety Company, et al*., NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Snow, all of which relate to his inspection and submission of an estimate of storm damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[1]

2.12    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property.  *See* Exhibit 3 at *1.  Like the present matter, Century Surety Company, as One Way's residential property insurer, assigned VeriClaim as the independent adjusting company to inspect the property, and VeriClaim assigned Mattoni as the field adjuster.  *Id.* After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code.  *Id*. at *2.

2.13    As Plaintiff has alleged with respect to Snow in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages.  *Id*. at *7.  The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.14     The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either.  Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code, and therefore, fail to provide fair notice of any actionable claims.  *See*, *e.g.*, *Slabaugh v. AIG Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that "it is undisputed that

---

[1] Attached as Exhibit 4.

[the adjuster] inspected the property and provided AIG with an estimation of damages. There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. AIG Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. AIG Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at \*19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729 at \*6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at \*3 (E.D. Tex. May 21, 2009); *Okenkpu v. AIG Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at \*14 (S.D. Tex. Jan. 20, 2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. AIG Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment

of claims found to be indistinguishable from claims against the insurer); *Rodolfo Barrera v. Allstate Insurance Company and Kevin Pakenham,* No. DR-16-CV-0037-AM-VRG (W.D. Tex Mar. 6, 2017); *Davis v. Metro. Lloyds Ins. Co.*, No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015) (Boiler plate allegations of bad faith in support of the claims against the individual claims professional, when claims against the carrier are broader than the claims against the individual, are to be disregarded for the purposes of diversity jurisdiction and the claims professional dismissed).

2.15   These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to the scope and amount of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.   Accordingly, because Plaintiff's claims against Snow in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Texas law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Snow has been improperly joined.

2.16   Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiff needed to join Snow as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiff against Snow would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.17   For these reasons, Snow would be improperly joined.   Therefore, because Plaintiff is a citizen of Texas, Lexington is incorporated in Delaware with a principal place of business in Massachusetts; complete diversity of citizenship exists among the proper parties.

10

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.17    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff' Original Petition in which Plaintiff expressly allege that "the monetary relief over $200,000, but not more than $1,000,000." *See* Exhibit 1 at p. 1.  This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Lexington was served with Plaintiff's Original Petition and process on or about September 5, 2017.  At the time of filing, Defendant Matthew C. Snow has not been served with process.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Wichita County District Court, promptly after Defendant files this Notice.

## IV.
## <u>DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL</u>

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "1" is a copy of the Plaintiff's Original Petition and Citation.

4.3     Attached hereto as Exhibit "2" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

4.4     Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

4.5     Attached hereto as Exhibit "4 is a copy of the Memorandum Opinion and Order in case styled *Davis v. Metro. Lloyds Ins. Co.*

## V.
## <u>CONCLUSION</u>

5.1     Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Lexington Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

By:   <u>/s/ Jo Allison Stasney</u>
        **Jo Allison Stasney**
        State Bar No. 19080280
        Thompson, Coe, Cousins & Irons, L.L.P.
        701 N. Pearl Street, Twenty-Five Floor
        Dallas, Texas  75201
        Telephone:  (214) 871-8274
        Facsimile:  (214) 871-8209
        jstasney@thompsoncoe.com

By:    */s/ Jennifer M. Kearns*
       **Jennifer M. Kearns**
       State Bar No. 24049865
       Thompson, Coe, Cousins & Irons, L.L.P.
       701 Brazos, Suite 1500
       Austin, Texas  78701
       Telephone:  (512) 703-5032
       Facsimile:  (512) 708-8777
       jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS
LEXINGTON INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

On October 4, 2017 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Jo Allison Stasney*
**Jo Allison Stasney**