Case 7:17-cv-00145-O Document 1-2 Filed 10/04/17 Page 1 of 18 PageID 14

Filed 8/31/2017 1:08 PM
Patti Flores
District Clerk
Wichita County, Texas
Fran Findlay

CAUSE NO. 186,968-B _____

| | | |
|---|---|---|
| RICHARD LIGHTNER | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 78TH JUDICIAL DISTRICT |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| AND MATTHEW C. SNOW | § | WICHITA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Richard Lightner (herein after referred to as "Plaintiff"), files this Original Petition against Defendants, Lexington Insurance Company (hereinafter referred to as "LEXINGTON") and Matthew C. Snow (hereinafter referred to as "SNOW") and hereby respectfully shows unto the Court and jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### RELIEF

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

## PARTIES

3.     Plaintiff is a citizen of the State of Texas and resides in Wichita County, Texas.

4.     Defendant, Lexington Insurance Company, is a foreign insurance carrier engaging in the business of insurance in the State of Texas, and may be served with process by serving its President or any Officer, located at 99 High Street, Floor 23, Boston, Massachusetts 02110-2378. Service is requested at this time by certified mail return receipt requested.

5.     Defendant, Matthew C. Snow, is an individual and citizen of the State of Texas and may be served with process at his place of business located at CIS Group, 950 E. State Highway 114, Suite 150, Southlake, Texas 76092. Service is requested at this time by certified mail return receipt requested.

## JURISDICTION AND VENUE

6.     This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

7.     Venue is mandatory and proper in Wichita County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

## RESPONDEAT SUPERIOR

9. At all times relevant hereto, Defendant, LEXINGTON'S employees and adjusters were acting in the course and scope of his employment with LEXINGTON for which LEXINGTON is liable for their acts and/or omissions.

## AGENCY

10. At all times relevant hereto, Defendant, SNOW was acting as an agent of LEXINGTON with actual or apparent authority and within the course and scope of their agency relationship.

## FACTS

11. Plaintiff is the owner of an insurance policy bearing Policy No. 95491515 issued by the Defendant LEXINGTON (hereinafter referred to as the "Policy").

12. Plaintiff owns the property located at 1116 Sycamore Drive, Burkburnett, Texas 76354 (hereinafter referred to as the "Property").

13. Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

14. On or about May 19, 2017, Plaintiff's Property sustained windstorm and hail damage. The roof of the Property sustained extensive damage during the storm including damage to the roof coverings and other structural parts of the roofs. After the

storm, Plaintiff filed a claim with its insurance company, LEXINGTON, for the damages to the Property caused by the storm.

15. Plaintiff submitted a claim to LEXINGTON against the Policy for damage caused to the Property as a result of the wind and hail. Plaintiff asked LEXINGTON to cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the policy. LEXINGTON assigned Claim No. 0394083828 to Plaintiff's claim. LEXINGTON assigned SNOW to investigate, estimate, and adjust the Plaintiff's claim.

16. Plaintiff submitted an estimate to SNOW, which outlined all of the damage suffered by the Property from the storm in question. SNOW's unreasonable investigation of the claim included a failure to comply with LEXINGTON's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under LEXINGTON's policies and procedures. The roofs of the Property suffered significant damage including damage to the roof coverings, hand splits to the wood shakes, and other structural parts of the roof.

17. SNOW performed an unreasonable investigation by failing to document any and all of the damage to the Property. SNOW did not properly inspect the Property and failed to adequately investigate Plaintiff's claim. Plaintiff submitted an estimate outlining the damage to the Property. Although SNOW received the estimate

which outlined the damage to the Property, SNOW did not adequately inspect the damage.

18. SNOW's unreasonable investigation of the claim included a failure to comply with Lexington Insurance Company's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under LEXINGTON's policies and procedures. SNOW performed an unreasonable investigation by failing to document all of the damage to the roof. Snow did not conduct a thorough roof inspection and only allowed for the minimum cost to repair the roof. As a result of SNOW's unreasonable and brief investigation, Plaintiff was wrongly denied the full cost to replace the roof.

19. SNOW misrepresented to Plaintiff in his report that the damage to the Property did not warrant coverage. SNOW performed an outcome-oriented investigation by failing to look for evidence that supported coverage for Plaintiff's claim. From the outset of the claim, SNOW's goal was to exclude coverage instead of reasonably investigating Plaintiff's claim and provide coverage for the damage suffered to the Property.

20. SNOW did not conduct a reasonable investigation of Plaintiff's claim. As a result, Plaintiff's claim was denied although the policy provided coverage for the damage suffered to the Property. SNOW conducted an insufficient investigation and assisted in the premature closure of Plaintiff's claim. SNOW failed to properly adjust

the claim and has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, LEXINGTON underpaid some of Plaintiff's claims by not providing coverage for the damages sustained by Plaintiff. To date, LEXINGTON continues to delay in the payment for the damages to the Property. As such, Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

21.     LEXINGTON failed to perform its contractual duty to adequately compensate Plaintiff under terms of the policy. Specifically, Defendant failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

22.     LEXINGTON and SNOW misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE §541.060 (a)(1).

23.     Defendants LEXINGTON and SNOW failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under

the Policy. LEXINGTON and SNOW's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

24. LEXINGTON and SNOW failed to explain to Plaintiff the reason for its offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

25. Defendant LEXINGTON failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant LEXINGTON. Defendant LEXINGTON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

26. LEXINGTON refused to fully compensate Plaintiff, under the terms of the Policy, even though LEXINGTON and SNOW failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of the Plaintiff's claim, which resulted in a biased, unfair, and inadequate evaluation of

Plaintiff's losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

27. Defendant LEXINGTON failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. LEXINGTON's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

28. Defendant LEXINGTON failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. LEXINGTON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

29. Defendants failed to communicate with Plaintiff to insure that Plaintiff understood the coverage denials that Plaintiff received.

### COUNT ONE: BREACH OF CONTRACT

30. Plaintiff incorporates paragraphs 11-29 herein.

31. At the time of the incident, Plaintiff had in place a policy issued by LEXINGTON. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant is, therefore, in breach of the contract of insurance issued to Plaintiff.

32. Defendant's conduct constitutes a breach of contract resulting in damages to the Plaintiff.

### COUNT TWO: DTPA

33. Plaintiff incorporates paragraphs 11-29 herein.

34. Plaintiff is a "consumer" as defined by Section 17.45(4) of the Texas Business and Commerce Code because Plaintiff sought or acquired goods or services by purchasing those goods or services from Defendant. Both LEXINGTON and SNOW violated the TEXAS DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT ("the DTPA"), because LEXINGTON and SNOW engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to her detriment.

35. The acts and omissions of LEXINGTON and SNOW also constitute violations of the DTPA, but not limited to: (a) committing false, misleading or deceptive acts or practices as defined by § 17.46(b), and (b) use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

36. The acts and omissions of Defendants were a producing cause of the Plaintiff's damages.

37. Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendants had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to

Plaintiff's claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

## COUNT THREE: §541 ET SEQ. TEXAS INSURANCE CODE

38. Plaintiff incorporates paragraphs 11-29 herein.

39. LEXINGTON and SNOW violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, Defendants' acts and omission include violation of:

    a. §541.051;

    b. §541.051(4);

    c. engaging in unfair settlement practices by (§541.060): (i) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue, (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which LEXINGTON's liability has become reasonably clear, (iii) failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for LEXINGTON's denial of the claim, (iv) failing to affirm or deny coverage within a reasonable time, and (v) refusing to pay a claim without conducting a reasonable investigation of the claim.

    d. misrepresenting Plaintiff's insurance policy by (§541.061): (i) making an untrue statement of material fact, (ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under

which the statements were made, and (iii) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

  e. §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

  40. LEXINGTON and SNOW's conduct was committed knowingly because Defendants had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

  41. Defendants' conduct described above was a producing cause of Plaintiff's injuries.

## COUNT FOUR: TEXAS INSURANCE CODE §542

  42. Plaintiff incorporates paragraphs 11-29 herein.

  43. LEXINGTON and SNOW violated Section 542 the Texas Insurance Code because they failed to do the following within the statutorily mandated time of receiving all necessary information:

    a. Failing to timely acknowledge the Plaintiff's claim;

    b. Failing to commence an investigation of Plaintiff's claim;

    c. Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

    d. Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

 e. Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

 f. Failing to pay Plaintiff's claim without delay; and

 g. Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

44. Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff requests damages under Texas Insurance Code section 542.060.

## COUNT FIVE: GOOD FAITH AND FAIR DEALING

45. Plaintiff incorporates paragraphs 11-29 herein.

46. LEXINGTON and SNOW owed Plaintiff a duty of good faith and fair dealing. LEXINGTON and SNOW and/or its adjusters breached this duty when they denied Plaintiff's claim because LEXINGTON and SNOW and/or its adjusters knew or should have known that it was reasonably clear that Plaintiff's claim was covered. LEXINGTON and SNOW's breach of this duty was a proximate cause of Plaintiff's damages.

## COUNT SIX: FRAUD

47. Plaintiff incorporates paragraphs 11-29 herein.

48. <u>Common Law Fraud.</u> LEXINGTON made various representations to the Plaintiff regarding her windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether

or not claims were covered, and/or the value of claims, which were material and false. At the time LEXINGTON made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. LEXINGTON made these representations with the intent that the Plaintiff acted on them by not further pursuing claims and/or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

49. <u>Constructive Fraud.</u> A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of LEXINGTON constitute constructive fraud.

50. <u>Fraud by Non-disclosure.</u>

(a) LEXINGTON had a duty to Plaintiff to disclose the extent and value of damages suffered by Plaintiff and that it owed Plaintiff money for the claim. LEXINGTON concealed from, or failed to disclose these facts to Plaintiff. The facts were material and LEXINGTON knew that the Plaintiff was ignorant of the facts and that Plaintiff did not have an equal opportunity to discover the facts.

(b) LEXINGTON was deliberately silent when they owed a duty to advise Plaintiff of the damages and the extent of the damages and the amount it owed Plaintiff. By failing to disclose these facts LEXINGTON intended to induce the Plaintiff to believe no money was owed on the claim. Plaintiff relied on the non-disclosure and was injured.

### WAIVER AND ESTOPPEL

51. Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

52. As a direct result of LEXINGTON and SNOW's conduct, Plaintiff has suffered economic damages all of which she is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees. Plaintiff is also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendants' knowing conduct was the producing cause of Plaintiff's mental anguish.

53. Pursuant to the DTPA and the Texas Insurance Code, Plaintiff is also entitled to recover treble damages because Defendants' conduct was committed knowingly.

54. Plaintiff is entitled to exemplary damages as a result of Defendants' breach of duties owed as described in paragraphs above. When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious

indifference to the rights, safety, or welfare of others. In the alternative, Defendants had specific intent to cause substantial harm to Plaintiff.

## ATTORNEY FEES

55. Pursuant to Section 38.001 of the TEXAS CIVIL PRACTICES & REMEDIES CODE §38.001, Section 17.50(d) of the DTPA, and Sections 541.152 and 542.060 of the TEXAS INSURANCE Code, Plaintiff seeks recovery of its reasonable and necessary attorney fees and court costs.

## JURY DEMAND

56. Plaintiff respectfully requests a trial by jury.

## PRAYER

For these reasons, Plaintiff asks that it have judgment against Defendants for its economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show itself entitled.

Respectfully Submitted,

LOPEZ SCOTT, L.LC.
3707 N. St Mary's Street
Suite 200
San Antonio, Texas 78212
Telephone: 210.472.2100
Telecopier: 210.472.2101

/s/ Orlando R. Lopez
_____

Orlando R. Lopez
State Bar No. 24010196
olopez@lopezscott.com
Danny Ray Scott
State Bar No. 24010920
dscott@lopezscott.com

ATTORNEYS FOR PLAINTIFF

## CITATION FOR PERSONAL SERVICE – 78th DISTRICT COURT

### THE STATE OF TEXAS

TO: LEXINGTON INSURANCE COMPANY, a foreign insurance carrier engaging in the business of insurance in the State of Texas, Defendant, Greeting:

You are commanded to appear before the Honorable 78th DISTRICT COURT of Wichita County, Texas, at the Courthouse in Wichita Falls, Texas by filing a written answer, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to PLAINTIFF'S ORIGINAL PETITION, filed in said Court on the 31ST DAY OF AUGUST, 2017, in the cause numbered 186,968-B on the docket of said court and styled,

RICHARD LIGHTNER
-VS-
LEXINGTON INSURANCE COMPANY AND MATTHEW C. SNOW

The nature of PLAINTIFF, RICHARD LIGHTNER demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation, and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and the mandates hereof, and make the return as the law directs.

Issued and given under my hand and the Seal of said Court at Wichita Falls, Texas, this the 31st day of August, 2017.

PATTI FLORES, Clerk
78th DISTRICT COURT
Wichita Courthouse
900 7th STREET ROOM 303 P.O. BOX 718
Wichita Falls, Texas 76301

By: _____
LYNETTE GUTHRIE, DEPUTY

This copy of Citation was delivered to you on the _____ day of _____, 20____.

_____
Sheriff/Constable/District Clerk

_____ County _____

By _____ Deputy

### IMPORTANT NOTICE

**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

File No. 186,968-B

## CITATION FOR PERSONAL SERVICE

RICHARD LIGHTNER
-VS-
LEXINGTON INSURANCE COMPANY AND MATTHEW C. SNOW

In the 78th DISTRICT COURT
of Wichita County, Texas

Issued August 31, 2017
PATTI FLORES, Clerk
District Courts & County Courts-at-Law
By _____
LYNETTE GUTHRIE, DEPUTY

Attorney: ORLANDO R LOPEZ
LOPEZ SCOTT, L.L.C.
3707 N. ST MARY'S STREET, SUITE 200
SAN ANTONIO, TEXAS 78212
31ST DAY OF AUGUST, 2017

### RETURN

This Citation was received by me on the _____ day of _____, 20____, at _____M.

This Citation was executed by mailing as Certified Mail from Wichita Falls, Texas, me on the _____ day of _____, 20____, at _____M. to the within named Defendant, LEXINGTON INSURANCE COMPANY with delivery restricted to addressee only, a true copy of this Citation with a copy of the _____ _____ attached to it. Attached to this return is the Return Receipt with the addressee's signature.

-------------------------------------------------

The distance actually traveled by me in serving this process was _____ miles. I am an adult and in no manner of interest in this suit.

FEES:   Serving    $_____
        Postage    $_____

Patti Flores, Clerk
District Courts and County Court at Law
Wichita County, Texas

By: _____
    LYNETTE GUTHRIE, DEPUTY

NOTE: Must be verified if served outside the State of Texas.
-------------------------------------------------
Signed and sworn to be the said _____ before me this _____ day of _____, 20_____, to certify which witness my hand and seal of office.

_____
DEPUTY, District Clerk & County Courts-at-Law
Wichita County, Texas